IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

IN RE: SUBPOENA TO TANGOME, INC.
N-18-3-1 (Control #2)

Misc. No. 3:18mj805(SALM)

**Filed Under Seal**

FILED 2018 MAY 25 A 8:39 U.S. DISTRICT COURT NEW HAVEN

**APPLICATION FOR ORDER COMMANDING TANGOME, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SUBPOENA**

The United States requests that the Court order TangoMe, Inc. not to notify any person (including the subscribers and customers of the account(s) listed in the attached subpoena) of the existence of the attached subpoena for 180 days.

TangoMe, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena (N-18-3-1, Control #2, which will not be included in the sealing envelope) which requires TangoMe, Inc. to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing national security investigation that is neither public nor known to any of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by: giving targets an opportunity to flee,

destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing TangoMe, Inc. not to disclose the existence or content of the attached subpoena, except that TangoMe, Inc. may disclose the attached subpoena to an attorney for TangoMe, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on May 24, 2018.

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct20962
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821 3700 / (203) 773 5376 (fax)
Douglas.Morabito@usdoj.gov